T.C. Summary Opinion 2009-1


UNITED STATES TAX COURT


ROBERT RUIZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16519-07S.              Filed January 5, 2009.


Robert Ruiz, pro se.

Nathan C. Johnston and Jordan Musen, for respondent.



    GERBER, Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

_____

    [1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2005, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case. Respondent determined a $2,062 income tax deficiency for petitioner's 2005 tax year. The deficiency is solely attributable to respondent's disallowance of certain deductions. We consider whether petitioner is entitled to certain job-related deductions claimed on Schedule A, Itemized Deductions, of his 2005 tax return.[2]

## Background

Petitioner resided in California at the time his petition was filed. During 2005 petitioner was a high school mathematics teacher in the Los Angeles Unified School District. As part of his official duties he also coached the girls' softball team, which was an official school program. The school system provided a $1,500 budget for the softball program, which did not cover all of its expenses for the program. Petitioner used the $1,500 to purchase the catcher's equipment and safety items such as batting helmets. The students were financially unable to purchase uniforms and equipment. To make up the shortfall, petitioner and other staff members purchased and donated various equipment and other items for the team and team members.

Petitioner purchased and donated uniforms for the team at a cost of $1,083.37. In addition, petitioner purchased other items

---

[2]Respondent conceded that petitioner is entitled to a $250 deduction for the preparation of his 2005 tax return.

including balls, bats, practice tees, and related softball equipment for a total of $1,092.78. In addition to the equipment for the softball team, petitioner purchased $311.42 of supplies, including a bookcase, DVDs, and electronic materials that were needed to teach mathematics in the high school classroom.

In connection with the softball activity, petitioner, other staff members, and parents would pitch in to purchase food for the team after a game. Typically, the food was provided after all-day tournaments. During 2005 petitioner paid $1,643.40 for food and related items for the team members after games, both at petitioner's school grounds and at other school teams' grounds.

Petitioner paid union dues of $635.04 during 2005. The school system was a union shop, and petitioner was a union member.

Petitioner claimed $8,115 for business automobile mileage and $520 for parking fees during 2005. At trial petitioner conceded the deduction for $520 in parking fees. With respect to the $8,115 claimed for automobile mileage, petitioner maintained a log reflecting the total miles for each month of 2005 along with a breakdown of the distances and the places to which he drove. The mileage consisted of, to a limited extent, driving his automobile to games when the school bus was not available and, more often, transporting team members from the game sites to their homes, which was necessary because it was late in the

evening and there were safety issues that dictated that the team members be accompanied home.

None of petitioner's expenditures in connection with his coaching and teaching were reimbursed by the school district.

## Discussion

In general, the Commissioner's determinations in a notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". Petitioner bears the burden of showing entitlement to the disallowed deductions, and no question was raised in this case about whether the burden was shifted to respondent. See sec. 7491.

With respect to the items in dispute, respondent determined that petitioner failed to substantiate or to show the employee business purpose of certain claimed expenditures. Secs. 162, 212. Taxpayers are required to maintain records sufficient to permit the verification of income and expenses. Sec. 6001. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to fully substantiate the precise amount of the deduction, the Court may estimate the amount of the deductible expense and allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). Such

estimates are to be made bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Id. at 544. For the Court to estimate the amount of an expense there must be some basis upon which an estimate may be made. Vanicek v Commissioner, 85 T.C. 731, 742-743 (1985).

Petitioner was a mathematics teacher and girls' softball coach in the Los Angeles high school system. The system provided supplies and a limited budget for the athletic program. The supplies and budget provided were insufficient to minimally operate the athletic program or for petitioner to properly teach mathematics. Petitioner purchased supplies and athletic equipment that were used in teaching and for the athletic program. When petitioner left his teaching and coaching position at that school, he left all of the unused equipment and supplies. Petitioner used his automobile in support of the athletic program and claimed the mileage at the rate prescribed by respondent. Petitioner also claimed the cost of meals provided to softball team members after the games. Finally, petitioner claimed amounts for professional subscriptions, union dues, and tax return preparation. The total amount claimed for all of the above-described items for 2005 was $14,622. Petitioner reduced that amount by $873 to $13,749 to account for the 2-percent threshold on employee job expenses when claimed as an itemized

deduction on Schedule A.  Respondent disallowed the entire deduction.

Initially, we point out that respondent conceded that petitioner is entitled to $250 for the preparation of his 2005 income tax return.  We hold that petitioner's union dues of $635.04 are deductible.  Petitioner also claimed $315 for professional subscriptions, but he did not provide substantiation or pursue this matter at trial.  Accordingly, petitioner is not entitled to the $315 deduction.

Overall, petitioner sufficiently substantiated the purchase of $2,487.55 of items used for teaching mathematics and operating the softball program.  Petitioner was not reimbursed for any of these items and they were ordinary, and necessary to the basic operation of the educational and sports programs.  Accordingly, petitioner is entitled to claim, subject to the 2-percent threshold, an itemized deduction of $2,487.55.

Petitioner also substantiated $1,643.40 for food and related items for the team members after games.  With respect to these expenditures, it was not necessary to the operation of the softball program that banquets be held following games.  We compliment petitioner's generosity but must hold that he is not entitled to deduct these expenditures as they do not constitute ordinary and necessary expenses within the meaning of section 162.

Concerning the softball program, petitioner claimed $8,115 for mileage. In connection with attending seminars petitioner also claimed $520 for parking fees, but he has conceded that item. The substantiation of the use of listed property, such as an automobile, is subject to more rigorous requirements and is not allowable without adequate records. See secs. 274(d)(4), 280F(d)(4)(A)(i). In that regard, petitioner provided a log that reflects his mileage to and from various softball games and events and the mileage connected with driving softball team members home after games and practice on account of safety precautions. Because the games and events were repetitive, petitioner was able to show the round trip mileage to each location, then account for the trips to each location on a month-by-month basis. With respect to the daily mileage connected with driving team members home after practice and local games, petitioner's methodology was less exact making it difficult to ascertain the correctness of the mileage claimed.

Overall, petitioner's log reflected over 17,000 miles for 2005, which converted, at the standard mileage rates, to an $8,115 deduction claimed for 2005. Almost 13,000 of the more than 17,000 miles claimed for 2005 were connected with the daily driving of team members to their homes. In the final analysis, petitioner's substantiation is sufficient to permit the allowance of 4,500 miles that were ordinary and necessary business miles.

We further hold that 3,000 of the miles were driven before September 1, 2005, and the remaining 1,500 were driven after August 31, 2005.  Accordingly, we hold that petitioner is entitled to deduct $1,943[3] for business mileage during 2005.

    To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>

---

[3]Mileage before Sept. 1, 2005, has a 40.5-cent standard mileage rate, whereas mileage after Aug. 31, 2005, has a 48.5-cent standard mileage rate.